UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCIA M. WITTER and § <br> ABRAHAM NEE NETREH, § <br>  Plaintiffs, § <br> § <br> v. § <br> § <br> LORETTA E. LYNCH, et al., § <br>  Defendants. § | Civil Case No. 3:16-CV-2566-G-BK |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case has been referred to the United States Magistrate Judge for pretrial management. The cause is now before the Court for a recommendation on Defendants' *Motion to Dismiss*, Doc. 11. For the reasons stated herein, the motion should be **GRANTED**.

**A.    Background**

Plaintiffs Marcia M. Witter and Abraham Nee Ntreh bring this action challenging the legality of their deportation from the United States. Doc. 3 at 4-5. In May 1994, an Immigration Judge ("IJ") found Plaintiffs deportable under sections 241(a)(1)(A)[1] and 241(a)(1)(G)(ii)[2] of the Immigration and Nationality Act ("the Act"), and issued memoranda of oral decision to that effect. Doc. 3 at 5-6; *see* Doc. 3 at 25, 27. Following Plaintiffs' initial appeal to the Board of Immigration Appeals ("BIA"), the case was remanded to the IJ for a formal written opinion.

---

[1] Section 241(a)(1)(A) allows for the deportation, release, and removal of aliens ordered removed. 8 U.S.C. § 1251(a)(1)(A).
[2] Section 241(a)(1)(G)(ii) defines the crime of marriage fraud, stating that "[a]n alien shall be considered deportable as having procured a visa or other documentation by fraud . . . if . . . it appears to the satisfaction of the Attorney General that the alien has failed or refused to fulfill the alien's marital agreement which in the opinion of the Attorney General was made for the purpose of procuring the alien's admission as an immigrant." 8 U.S.C. § 1227(a)(1)(G)(ii).

Doc. 3 at 6; Doc. 14 at 12 n.1. In August 1995, the IJ issued a formal written decision and order explaining the 1994 ruling more completely. *See* Doc. 14 at 1-11. The IJ's 1995 order found Plaintiffs deportable under section 241(a)(1)(A) for obtaining a visa by fraud, and assisting another to obtain a visa by fraud. *See* Doc. 14 at 1-11. The Immigration and Naturalization Services ("INS") filed additional charges against Ms. Witter and Mr. Nee Ntreh, individually.[3] On April 29, 1996, the BIA affirmed the IJ's 1995 order, finding Plaintiffs "deportable under section 241(a)(1)(A) of the Act as aliens who were excludable at entry under section [212(a)(6)(C)(i)[4]] of the Act." Doc. 14 at 28.[5] In May 1997, the BIA's final order was affirmed "in all respects" by the Court of Appeals for the Fifth Circuit. *Witter*, 113 F.3d at 555. Thereafter, in October 1997, Plaintiffs were deported from the United States. Doc. 3 at 4, 19-20, 22-23.

Undeterred, Plaintiffs attempted to illegally reenter the United States in 1998 and 1999. *Witter v. INS*, No. 01-CV-0703-L, Doc. 23 at 2 n.1 (N.D. Tex. May 15, 2002) (Lindsay, J.). In

---

[3] The INS alleged that (1) Ms. Witter was excludable under section 212(a)(6)(E)(i) of the Act for alien smuggling, and (2) Mr. Nee Ntreh was excludable under section 241(a)(1)(G)(ii) of the Act for marriage fraud. *Witter v. INS*, 113 F.3d 549, 551 (5th Cir. 1997); *see* Doc. 14 at 12 (listing the charges lodged against Plaintiffs).

[4] Section 212(a)(6)(C)(i) of the Act states that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry in to the United States or other benefit provided under this chapter" is excludable. 8 U.S.C. § 1182(a)(6)(C)(i). In 1990, section 212(a)(19) of the Act was re-designated as section 212(a)(6)(C)(i). However, the amendment applies only to individuals entering the United States on or after June 1, 1991. Because Plaintiffs entered the United States in 1989, the show cause orders should have charged excludability under § 212(a)(19). *Witter*, 113 F.3d at 551 n.1. However, as the BIA found, Plaintiffs never objected to the designation or suffered any prejudice from the error, particularly since the language of sections 212(a)(19) and 212(a)(6)(C)(i) is identical in all relevant respects. *Id.*; Doc. 14 at 9-10. Because Plaintiffs' pleadings reference section 212(a)(6)(C)(i), the Court will refer to this section throughout this recommendation.

[5] The BIA found the evidence did not establish that Ms. Witter was excludable for alien smuggling, and refused to consider whether Mr. Nee Ntreh was excludable for marriage fraud. Doc. 14 at 28-29.

2

2000, Mr. Nee Ntreh was arrested at the INS office in St. Croix, Virgin Islands, attempting to apply for a replacement alien registration card. *Id.* While his case was pending, Mr. Nee Ntreh filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241 in this Court, seeking relief from deportation, which the Court dismissed for lack of subject-matter jurisdiction. *See Witter v. Reno*, No. 00-CV-1069-BD, Doc. 17 (N.D. Tex. Oct. 10, 2000) (Kaplan, J.). Plaintiffs also filed another complaint in this Court in which, as here, they contested the legality of their 1997 deportation, arguing that no final deportation order was issued. *See Witter v. INS*, No. 01-CV-0703-L, Doc. 23 at 1-2. The Court again dismissed Plaintiffs' claim for lack of subject-matter jurisdiction, and the Court of Appeals for the Fifth Circuit dismissed Plaintiffs' appeal. *Id.* at 3; *Witter v. ICE*, NO. 03-10377, Doc. 35 at 1 (5th Cir. 2003). Eventually, Mr. Nee Ntreh was convicted of illegal reentry in connection with his 2000 arrest, which was affirmed on appeal. *See United States v. Ntreh,* 142 F. App'x 106, 107 (3rd Cir. 2005).

      In September 2016, Plaintiffs filed the instant action, again challenging the legality of their deportation on the grounds that a final deportation order was never issued. Doc. 3 at 8. Plaintiffs note that the BIA's decision stated that the IJ found Plaintiffs deportable under section 241(a)(1)(A) of the Act, as excludable under sections 212(a)(6)(C)(i) and 212(a)(6)(E)(i) of the Act. Doc. 3 at 6. However, Plaintiffs contends that sections 212(a)(6)(C)(i) and 212(a)(6)(E)(i) of the Act were not listed as grounds for deportation in the IJ's orders. Doc. 3 at 6-7. This discrepancy, Plaintiffs argue, was contrary to federal law and due process, and "a complete miscarriage of justice." Doc. 3 at 6-7. Plaintiffs bring this claim for declaratory judgment pursuant to 28 U.S.C. sections 2201 and 1331, and seeks injunctive relief under 28 U.S.C. section 1361. Doc. 3 at 2. Plaintiffs alternatively seeks relief under the Administrative Procedure Act, 5 U.S.C. section 701. Doc. 3 at 2.

Defendants now move to dismiss Plaintiffs' complaint, arguing, *inter alia*, that the Court lacks subject-matter jurisdiction. *See* Doc. 11. Plaintiffs have filed a response, Doc. 15.

**B.     Discussion**

Having first examined Defendants' jurisdictional challenge, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citation and internal quotation marks omitted), the Court finds that it lacks jurisdiction to hear this case.

Under section 106(c) of the Act, "an order of deportation . . . shall not be reviewed by any court if the alien . . . has departed from the United States" after issuance of the order. 8 U.S.C. § 1105a(c).[6] This command is "unequivocal." *Umanzor v. Lambert*, 782 F.2d 1299, 1302 (5th Cir. 1986). That being said, the Court of Appeals for the Fifth Circuit has found that a "collateral attack on an underlying order of removal, including constitutional or legal questions . . . [may be considered only] if the alien demonstrates that administrative remedies have been exhausted or the initial removal proceedings constituted a gross miscarriage of justice." *Ponce-Osorio v. Johnson*, 824 F.3d 502, 504 (5th Cir. 2016) (quoting *Martinez v. Johnson*, 740 F.3d 1040, 1042 (5th Cir. 2014)). However, there are no precise standards for determining what constitutes a gross miscarriage of justice, *Castillo v. Lynch*, 653 F. App'x 800, 801 (5th Cir.

---

[6] While Section 106(c) of the Act was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), this change applies only to cases in which a final deportation order was entered on or after October 30, 1996. *Witter v. INS*, No. 01-CV-0703-L, Doc. 23 at 2 n.2 (N.D. Tex. May 15, 2002) (citations omitted). Because Plaintiffs' final deportation order was entered in April 1996, section 106(c) governs this case.

2016) (per curiam) (citation omitted), and such findings are "rare."[7] *Lara v. Trominski*, 216 F.3d 487, 493 (5th Cir. 2000).

Plaintiffs' order of deportation became final in April 1996, when the BIA dismissed Plaintiffs' appeal and affirmed the IJ's order in part. *See* 8 U.S.C. § 1101(a)(47)(B) (stating that a deportation order becomes final upon the BIA's affirmation of said order). In October 1997, following the Fifth Circuit's affirmation of the final order, Plaintiffs were deported. Doc. 3 at 19-20, 22-23. Under the plain and unequivocal language of section 106(c), the BIA's affirmation of the IJ's order coupled with Plaintiffs' departure from the United States divests the Court of subject-matter jurisdiction. *See* 8 U.S.C. § 1105a(c).

Plaintiffs' attempt to shoehorn their case into the gross-miscarriage of justice exception is also unavailing. Plaintiffs argue that a gross miscarriage of justice occurred because the BIA affirmed the IJ's order based on statutory grounds that were not mentioned in the IJ's order, namely for violations of sections 212(a)(6)(C)(i) and 212(a)(6)(E)(i) of the Act. Doc. 3 at 7. As mentioned above, these subsections permit the deportation of individuals who obtain visas by fraud, and who engage in alien smuggling, respectively. However, a reading of the IJ's 1995 order confirms that Plaintiffs were found deportable for violations of section 212(a)(6)(C)(i). First, the order states that Plaintiffs were charged as being deportable for "(1) [o]btaining visa by fraud and (2) assisting another to obtain visa by fraud" in misrepresenting their marital status. Doc. 14 at 1. Finally, following a lengthy discussion of the evidence, the IJ concluded that "there is no doubt [Mr. Nee Ntreh] obtain[ed] his visa and entry into the United States by fraud," and that Ms. Witter assisted him in doing so "just as much as if she had put him in the trunk of

---

[7] The Court was unable to locate a single case within the Fifth Circuit where a gross miscarriage of justice was found sufficient to permit collateral attack of a deportation order.

her car and crossed the border with him." Doc. 14 at 7. Cleraly, Plaintiffs' contention that the IJ did not find them deportable under section 212(a)(6)(C)(i) of the Act is without merit, as the actions described as being the reason for their deportation are precisely the type circumscribed by the section. The BIA then specifically upheld this aspect of the IJ's order, finding Plaintiffs' deportable for violations of section 212(a)(6)(C)(i). *See* Doc. 14 at 28 ("The record establishes by clear, unequivocal, and convincing evidence that [Ms. Witter and Mr. Nee Ntreh] willfully misrepresented a material fact, their marital status, to a consular officer in order to procure an immigrant visa for [Mr. Nee Ntreth]."). Additionally, the BIA dismissed any charges brought under section 212(a)(6)(E)(i). Doc. 14 at 28-29. In sum, the BIA found Plaintiffs excludable for the same reasons as the IJ (violations of section 212(a)(6)(C)(i)); the final deportation order was valid, as affirmed by the Fifth Circuit; and, thus, there was no gross miscarriage of justice sufficient to overcome section 106(c)'s jurisdictional bar.

Accordingly, the Court lacks subject-matter jurisdiction and, therefore, Plaintiffs' claims should be dismissed. Due to the jurisdictional defect, the Court does not reach Defendants' additional arguments for dismissal.

**C.    Leave to Amend**

Ordinarily, a plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."). Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Plaintiffs are proceeding without the assistance of counsel and have not previously been granted leave to amend their complaint. However, for the reasons discussed above, the Court lacks jurisdiction, a state that cannot be cured by amendment.

6

Thus, allowing Plaintiffs to amend their complaint would be futile and cause needless delay. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

**D. Conclusion**

For the foregoing reasons, the Defendants' *Motion to Dismiss*, Doc. 11, should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on August 8, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE